PREGERSON, Circuit Judge,
dissenting:
I respectfully dissent. We have repeatedly held that the BIA abuses its discretion in denying a motion to reopen “when it fails to consider and address in its entirety the evidence submitted by a petitioner. ...” Franco-Rosendo v. Gonzales, 454 F.3d 965, 966 (9th Cir.2006) (internal quotation marks omitted).
In its order denying Alfaouri’s motion to reopen, the BIA concludes that Alfaouri has failed to establish a “bona fide marriage” under 8 C.F.R. § 204.2(a)(1)(iii)(B) because Alfaouri has “not submitted sufficient documentary evidence to establish commingling of financial resources or a common residence.” But the BIA does not discuss or even mention the joint income tax return of Alfaouri and his American-citizen spouse, which Alfaouri submitted to support his claim of a bona fide marriage. Such evidence, if considered, could have supported a finding that Al-faouri and his American-citizen spouse had commingled their financial resources and had a common residence. In my view, the BIA’s failure to consider this evidence was an abuse of discretion. Accordingly, I would grant Alfaouri’s petition and remand to the BIA for reconsideration of Alfaouri’s motion to reopen.
My colleagues in the majority conclude that the BIA did not abuse its discretion in denying the motion to reopen because “Al-faouri’s joint tax return was ... not nearly sufficient to meet the standard” for a bona fide marriage under the BIA’s case law. Maj. Op. at 662. That may be so, but it is for the BIA, not our court, to pass upon the significance of the joint income tax return in the first instance. “We cannot affirm the BIA or IJ on a ground upon which it did not rely.” Ali v. Holder, 637 F.3d 1025, 1029 (9th Cir.2011). Instead, “we ‘must decide whether to grant or deny *663 the petition for review based on the Board’s or IJ’s reasoning rather than our own independent analysis of the record.’ ” Id. (internal marks omitted) (quoting Azanor v. Ashcroft, 364 F.3d 1013, 1021 (9th Cir.2004)).
Accordingly, I would remand to the BIA for it to consider the significance of Al-faouri’s joint income tax return in the first instance.